UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) | |
| Plaintiff/Counter-Defendant, | ) | 10 C 7800 |
| v. | ) | |
| PIERPORT DEVELOPMENT & REALTY , INC., | ) | |
| Defendant/Counterclaimant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

There are two motions before the Court. Defendant/Counter-Plaintiff Pierport Development & Realty, Inc., moves to vacate an arbitration award entered on April 14, 2010. Plaintiff/Counter-Defendant Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons stated below, Pierport's motion is denied and the Union's motion is granted.

**BACKGROUND**

This case arises out of a dispute over an arbitration award between a labor organization, the Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO, ("the Union") and Pierport

Development & Realty ("Pierport"), a construction company engaged in several renovation projects with the Chicago Public Schools.

On October 5, 2009, the Union and Pierport entered into a collective bargaining agreement (the "CBA") which, to the present day, remains in effect between the parties. The CBA incorporates numerous terms of a master agreement signed by the Union and various employer associations (the "Agreement"). The Agreement imposes several substantive and procedural obligations upon signatory contractors such as Pierport. Disputes arising under the Agreement are resolved in accordance with a grievance procedure which involves arbitration before a joint arbitration board (the "Arbitration Board").

By letter of April 5, 2010, the Union informed Pierport that the Labor Management Cooperation Committee ("LMCC") was filing a grievance against Pierport for the alleged violations of numerous provisions of the CBA. The Union invited Pierport to contact a Union representative to attempt to resolve the matter and explained that, if the parties did not timely resolve the matter, a hearing would be held before the Arbitration Board on April 14, 2010. The Union also indicated that the arbitration proceedings could result in an award of damages, costs, and other relief. The Union urged Pierport to resolve the matter or attend the hearing, present its position, and respond to LMCC's claims.

On April 14, 2010, the parties appeared before the Arbitration Board. Representatives of LMCC, of other affiliated local unions, and of Pierport presented their grievances before the Arbitration Board. Following the presentation of evidence and arguments, the arbitrators rendered a written decision (the "Arbitration Award") finding that Pierport had violated numerous CBA provisions. The Arbitration Board found Pierport liable for performing a substantial amount of work through the use of eight ineligible employees and improper subcontracting. Pierport was also found liable for failure to timely pay contractually required wages and benefits, to report work, maintain appropriate bonds, inform the Union of overtime work, place signs and provide vehicle identification on construction sites, and follow bidding procedures. The arbitrators ordered Pierport to comply with the CBA provisions, to pay a fine of $4,500 to the Union, and to pay $178,181.33 in damages to LMCC, affiliated local unions, and two employees. The Arbitration Award also provided that, if payment was made within 30 days from the date the award issued, the damages award would be reduced by 10%. The arbitrators finally indicated they would consider a request by Pierport to appear at the next arbitration session to reopen the hearing for further arguments and evidence.

On June 7, 2010, the Union mailed a copy of the Arbitration Award to Pierport. On July 2, 2010, Pierport advised the Union that it would appear at the next arbitration session to present additional evidence and testimony. On July 8, 2010, the Union

notified Pierport that the next arbitration session would take place on August 11, 2010, at 8:00 a.m., and that Pierport could request a reopening of the hearings.

On August 11, 2010, the parties appeared before the Arbitration Board. Pierport immediately requested a continuance of the proceedings because some of its witnesses were no longer available that day but the request was denied. At the direction of the arbitrators, both parties presented facts and arguments supporting their positions on the merits of the case. At the end of the proceedings, the arbitrators declined to enter a new award and sustained the April 14, 2010 award. By letter dated September 20, 2010, the Union informed Pierport that the April 14, 2010 award was upheld by the Arbitration Board. Pierport has not yet complied with the Arbitration Award. It is only after the Union filed the present enforcement action that Pierport filed a counterclaim on January 26, 2011, to challenge it.

On December 8, 2010, the Union filed suit before this Court seeking enforcement of the Arbitration Award. On January 26, 2011, Pierport filed an answer to the Union's complaint and a counterclaim for breach of contract, breach of fiduciary duty, and tortious interference with business relations. On March 8, 2011, Pierport moved to vacate the April 14, 2010 award. In its motion to vacate, Pierport argues that (1) the award was procured by corruption, fraud, or undue means, (2) there was evident partiality or corruption in the arbitrators, (3) the arbitrators committed serious

procedural misconduct, (4) the arbitrators exceeded their powers and so imperfectly executed them that a mutual, final, and definite award was not made. Pierport also contends that the arbitration award should be vacated because it evidenced "manifest disregard of the law." The Union now moves for summary judgment arguing that Pierport's motion to vacate the Arbitration Award is time-barred by the statute of limitations.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Van Antwerp v. City of Peoria, Illinois*, 627 F.3d 295, 297 (7th Cir. 2010). A court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION

### I. Finality and Appealability of the Arbitration Award

Pierport argues that the Arbitration Award cannot be deemed final and therefore does not trigger the running of the limitations period. Specifically, Pierport submits that

the award lacks finality because on August 11, 2010, the arbitrators reopened the case and conducted new hearings on the merits of the case. Pierport notes that after reiterating their first decision, the arbitrators failed to draft a new award, sign it and send a copy to Pierport. Pierport therefore argues that, because the April 14, 2010 award was not final, and because a new award was not issued, its motion to vacate the award is not time-barred.

The Union brought this case under the jurisdiction created by Section 301 of the Labor-Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Under Section 301, a district court has jurisdiction to enforce an award that is final and binding. *Gen. Drivers, Warehouseman & Helpers, Local Union 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). An arbitration award is considered "final" if the arbitrator intended it to be his "complete determination of every issue submitted to him." *Anderson v. Norfolk & W. Ry. Co.*, 773 F.2d 880, 883 (7th Cir. 1985); *see also McKinney Restoration Co. v. Ill. Dist. Council 1,* 392 F.3d 867 (7th Cir. 2004) (award is final and appealable where arbitrator believes he has completed his assignment).

An examination of the Arbitration Award discloses that the arbitrators believed they had completely and exhaustively determined all claims. The arbitrators specified which CBA provisions Pierport violated and imposed remedies for each violation. The arbitrators calculated in great detail the damages and allocated them to the injured

parties. The Board noted that "if Pierport . . . pays the damage award within 30 days of the date of this decision is mailed to it, it may reduce its payment . . . by 10%[.]" The Board also noted that if Pierport fails to abide by the terms of the award, Pierport would have to "reimburse the Union for all costs and legal fees incurred in such legal action and . . . pay interest on all parts of the monetary award at the rate of 10% a year from April 14, 2010, to the date of the payment." This language supports the conclusion that the arbitrators intended the April 14, 2010 award to be final.

Pierport's argument that the award lacks finality because on August 11, 2010, the Board reopened the case and conducted new hearings on the merits is of no moment. According to the "Explanation of Procedures Before Joint Arbitration Board," a handbook explaining the arbitral procedures before the Arbitration Board, "[u]nless the written decision states otherwise, it is final. . . . The written decision remains final unless the arbitrators vote to reopen the case *and then decide to change the earlier decision*, and the fact that a party has requested that a case be reopened does not relieve that party of its obligation to comply with the award that was issued." Here, the Arbitration Board gave Pierport the opportunity to come to the August 11, 2010 session to present further arguments and information. Even if the arbitrators reopened the case and conducted new hearings on the merits, as Pierport suggests, the August 11, 2010 hearing did not annul the finality of the first award, since the arbitrators refused to

change their earlier decision. The April 14, 2010 award was therefore final and appealable, notwithstanding the subsequent rehearing.

Although the possibility of a reopening of the case might have created uncertainty for Pierport as to the finality and appealability of the April 14, 2010 award, "[a] party who is uncertain about the finality or appealability of an arbitration award should err on the side of compliance." *Int'l Marble & Granite, Inc., v. United Order of Am.*, No. 10 C 2852, 2011 WL 941370, at *4 (N.D. Ill. Mar. 16, 2011) (citing *Olson v. Wexford Clearing Servs. Corp.,* 397 F.3d 488, 492 (7th Cir. 2005)).[1] Therefore, we conclude that the April 14, 2010 award was final and that Pierport was under the obligation to abide by its terms or timely challenge it.

## II. Timeliness of Pierport's Motion To Vacate

The Union argues that it is entitled to summary judgment in light of Pierport's failure to timely bring an action challenging the Arbitration Award within 90 days of receiving a copy of it. "[F]ailure to challenge an arbitration award within the applicable statute of limitations period renders the award final." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Centor Contractors, Inc.,* 831 F.2d 1309, 1311 (7th Cir. 1987). The prescribed time period is intended to "enhance the speed and effectiveness of

---

[1] Although the dispute in *Int'l Marble and Granite, Inc.,* arose under the Federal Arbitration Act (the "FAA"), district courts can use the FAA as a source of guidance to help fill procedural gaps in Section 301 actions involving arbitration. *Smart v. Int'l Bros. of Elec. Workers*, 315 F.3d 721, 724 (7th Cir. 2002).

arbitration, to provide fair review of the arbitrator's decision, and to preclude the losing party from dragging out proceedings in order to dilute the integrity of the arbitration award." *Teamsters Local 579 v. B & M Transit, Inc.*, 882 F.2d 274, 277 (7th Cir. 1989). Because the LMRA contains no limitations period, the timeliness of a suit brought under this act is governed by the most analogous state statute of limitations. *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966). Under the Illinois version of the Uniform Arbitration Act (the "UAA"), the statute of limitations for motions to vacate an arbitration award is 90 days after delivery of a copy of the award. 710 Ill. Comp. Stat. 5/12(b). The Seventh Circuit has adopted this 90-day limitations period for motions to challenge the validity of an arbitration award. *Sullivan v. Lemoncello*, 36 F.3d 676, 681 (7th Cir. 1994).

As discussed above, the April 14, 2010 award was final and Pierport received a copy of the award on or about June 7, 2010. Therefore, the 90-day statutory period commenced on or about June 7, 2010. Pierport had until approximately September 7, 2010, to challenge the Arbitration Award but did not move until January 26, 2011, which is well outside the 90-day period. Pierport's failure to file a motion to vacate within the limitations period precludes Pierport from challenging the Arbitration Award. *See Lemoncello*, 36 F.3d at 681 (defendant's failure to seek vacation of arbitration awards within the 90-day limitations period barred it from challenging the plaintiff's

action to enforce awards). Accordingly, Pierport's motion to vacate is time-barred and the Union's motion for summary judgment is granted.

**CONCLUSION**

Based on the foregoing analysis, Pierport's motion to vacate the April 14, 2010 award is denied and the Union's motion for summary judgment is granted.

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: June 13, 2011