UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 10 C 7800 |
| vs. | ) ) | |
| PIERPORT DEVELOPMENT & REALTY, INC., | ) ) ) | |
| Defendant. | ) | |

# ORDER

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on two motions. Plaintiff Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union") renews its motion pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") for sanctions against the attorneys for Defendant Pierport Development & Realty, Inc. ("Pierport"). The Union also moves to set the reimbursement and interest amounts payable under the arbitration award. For the reasons stated below, the Union's motions are granted.

On April 14, 2010, the joint arbitration board rendered an arbitration award in favor of the Union and against Pierport. The arbitration award stated that if Pierport

failed to comply with the award, Pierport would have to "reimburse the Union for all costs and legal fees incurred in such legal action and . . . pay interest on all parts of the monetary award at the rate of 10% a year from April 14, 2010, to the date of the payment." Because Pierport failed to comply with the award, the Union incurred costs and legal fees enforcing the award in court. The Union now moves for a determination of the reimbursement and interest amounts payable under the arbitration provision. With regard to this motion, the only dispute remaining between the parties is whether the Union can recover, pursuant to the arbitration award's reimbursement provision, the $2,181.25 in fees related to the Union's pending Rule 11 motion. Before the Court can resolve this issue, the Court first evaluates the propriety of the Rule 11 motion.

As stated above, on April 14, 2010, the joint arbitration panel rendered a final award in favor of the Union. On June 7, 2010, the Union mailed a copy of the arbitration award to Pierport. Upon Pierport's request, on August 11, 2010, the joint arbitration board reopened the case and, at the end of the proceedings, sustained the April 14, 2010 award. By letter dated September 20, 2010, the Union informed Pierport that the joint arbitration board upheld the April 14, 2010 award.

On December 8, 2010, the Union filed suit in this Court seeking enforcement of the arbitration award. On January 26, 2011, Pierport filed an answer to the Union's complaint and a counterclaim. The following day, the Union's counsel informed

Pierport's counsel that the statute of limitations barred any challenge to the arbitration award and that he would file a motion under Rule 11 if Pierport failed to withdraw its challenge. On February 17, 2011, counsel for Union again warned counsel for Pierport of his intent to file a Rule 11 motion. The Union filed its Rule 11 motion, but the Court denied the motion without prejudice and with leave to reinstate following resolution of the claim on the merits. On June 13, 2011, this Court held that the April 14, 2010 arbitration award was final and appealable and that Pierport failed to timely challenge the award within ninety days of receiving a copy of the award. The Union now moves for sanctions under Rule 11.

Federal Rule of Civil Procedure 11 authorizes a district court to sanction an attorney who, without reasonable inquiry, asserts legal contentions not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The April 14, 2010 award was final and Pierport received a copy of the award on or about June 7, 2010. Pierport had ninety days, or until approximately September 5, 2010, to challenge the award. Pierport moved to challenge the award on January 26, 2011, which is well outside the ninety-day period. Pierport attempted to defend its untimely challenge to the arbitration award by arguing that no final award existed because the joint arbitration board reopened the case on August 11, 2010, and failed to issue another signed opinion. Pierport's position is

legally untenable because the joint arbitration board's procedural rules clearly state that a written decision is final unless the arbitrators reopen the case *and* then decide to change their earlier decision. Further, in light of the fact that the joint arbitration panel informed Pierport of its decision to sustain the April 14, 2010 award, Pierport's belief that no final award existed is nonsensical.

Accordingly, the Court grants the Union's Rule 11 motion and awards $2,181.25 in fees incurred for the motion. *See* Fed. R. Civ. P. 11(c)(2). Because the Court grants the Union's Rule 11 motion and the motion was filed in connection with the Union's enforcement of the arbitration award, the Union properly seeks reimbursement under the arbitration award for the $2,181.25 in fees.

_____
Charles P. Kocoras
United States District Judge

Dated:  September 16, 2011